

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2007

# Metrologic v. Symbol Tech Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3565

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Metrologic v. Symbol Tech Inc" (2007). *2007 Decisions*. Paper 213.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/213

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos: 06-3565/3652
_____

METROLOGIC INSTRUMENTS, INC.

v.

SYMBOL TECHNOLOGIES, INC.,

Appellant

_____

Appeal from United States District Court
for the District of New Jersey
(D. C. No. 05-cv-02571)
District Judge: Honorable Harold A. Ackerman

_____

Argued September 25, 2007

Before: AMBRO, JORDAN and ROTH, *Circuit Judges.*

(Filed:  November 15, 2007)
_____

Eric J. Lobenfeld  [ARGUED]
Ira J. Schaefer
Jonathan M. Sobel
Shana K. Melendez
Hogan & Hartson
875 Third Avenue
New York, NY 10022
        *Counsel for Appellant*

Edwin R. Chociey, Jr.
Lisa M. Jarmicki
Riker, Danzig, Scherer, Hyland & Perretti
One Speedwell Avenue
Morristown, NJ   07962

Michael F. Hurley   [ARGUED]
Robert Greenfeld
McDermott, Will & Emery
340 Madison Avenue
New York, NY   10017
        *Counsel for Appellee*

————————

OPINION OF THE COURT

————————

JORDAN, *Circuit Judge.*

In this contract case, Defendant-Appellant Symbol Technologies, Inc. ("Symbol") appeals the decisions of the United States District Court for the District of New Jersey denying Symbol's motion for judgment on the pleadings and granting Plaintiff-Appellee Metrologic Instruments, Inc.'s ("Metrologic") motion for summary judgment.  For the reasons stated below, we affirm.

I.

Metrologic and Symbol are competitors in the design, manufacture, and sale of laser bar code scanning devices.  After a history of patent disputes, Metrologic and Symbol entered into an agreement, effective January 1, 1996 (the "Agreement"), pursuant to which Metrologic received licenses to some of Symbol's patents, and a procedure was

2

put in place for Symbol to obtain licenses to certain groups, or "families," of Metrologic

patents at a later date.

On November 1, 1999, the parties amended the Agreement. Under Article 4 of the

amended Agreement, Symbol received licenses to the patents in three of Metrologic's

patent families (the "First Three Elected Metrologic Patent Families"). Article 6 of the

amended Agreement obligated Symbol to pay royalties to Metrologic for those licenses.

The "Overview" of Article 6 provides that "[f]or the license of the first three Elected

METROLOGIC Patent Families, SYMBOL shall pay to METROLOGIC a fixed annual

royalty through the term of the Agreement and ending June 30, 2014 ... ." (Appendix

["A"] 451) The amount of the fixed annual royalty is set forth in Section 6.2 of the

Agreement:

6.2    Royalties Due for License of First Three Elected METROLOGIC
Patent Families.

6.2.1  License Fee.  For the license of the First Three Elected Metrologic
Patent Families, and the rights and immunities granted under this Article, during
the term of, and subject to the terms and conditions of this Agreement, SYMBOL
shall pay METROLOGIC as follows:

(a)    on November 1, 1999 the sum of $661,250; and
(b)    commencing January 1, 2000, a fixed running royalty
       as set forth in the Royalty Table below, payable in four
       equal quarterly installments each year ... .
       . . .
(c)    An aggregate credit of $325,000, which may be taken
       by METROLOGIC and applied to royalty payments
       due to SYMBOL under Article 5 of this Agreement ... .

(A452-53) Symbol paid Metrologic royalties in accordance with Section 6.2 until 2005.

3

Article 6 also describes the royalty framework that would apply if, at a later date, Symbol desired licenses to additional Metrologic patent families. Unlike the fixed annual royalty payments for the licenses to the First Three Elected Metrologic Patent Families, the amount of royalties due for licences to any additional Metrologic patent families was to be "based upon the sales volume of ... Licensed SYMBOL Product[s]." (A451, 453-56) The formulas for determining the royalties for licenses to additional families are in Sections 6.4 and 6.10 of the Agreement. For example, Section 6.4 provides:

> 6.4.1 Fourth METROLOGIC Patent Family. In the event SYMBOL elects a license under a fourth Licensable METROLOGIC Patent Family, then in addition to the royalty payable under Section 6.2 above, SYMBOL shall pay METROLOGIC a royalty of one (1.0%) percent of the Net Sales Value of Licensed SYMBOL Products covered by patents in the fourth Elected Licensable METROLOGIC Patent Family applicable to a given Licensed SYMBOL product.

(A453)

On February 14, 2005, after making royalty payments in accordance with Section 6.2 of the Agreement for a number of years, Symbol informed Metrologic that it would stop paying royalties because it believed that none of its products were covered by a valid claim of a patent in the First Three Elected Metrologic Patent Families. On May 17, 2005, Metrologic brought this lawsuit, seeking a declaratory judgment of material breach by Symbol and damages caused by Symbol's breach.

Early in the case, on June 13, 2005, Symbol filed a motion for judgment on the pleadings, arguing that Metrologic's breach of contract claim was barred under the

4

doctrine of issue preclusion by the District Court's decision in a prior suit between the parties. The District Court denied Symbol's motion on April 28, 2006, concluding that Metrologic's claim was not barred because the issues in the two cases were not identical. *Metrologic Instruments, Inc. v. Symbol Techs., Inc.*, No. 05-2571, slip op. at 9-11 (D.N.J. Apr. 28, 2006).

While Symbol's motion for judgment on the pleadings was pending, Metrologic moved for summary judgment, arguing that Symbol's failure to pay royalties in accordance with Section 6.2 of the Agreement constituted a material breach.[1] Symbol opposed Metrologic's motion primarily on the basis that Metrologic's breach of contract claim was barred under the doctrine of issue preclusion. In addition, Symbol argued that it was not obligated under the Agreement to pay any royalties for the licenses to the First Three Elected Metrologic Patent Families unless and until a court determined that a Symbol product infringed a patent in those families. On June 26, 2006, the District Court rejected these arguments and granted Metrologic's motion for summary judgment. *Metrologic Instruments, Inc. v. Symbol Techs., Inc.*, No. 05-2571, slip op. at 9-13 (D.N.J. June 26, 2006). This appeal followed.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

II.

---

[1] Section 15.2(A)(1) of the Agreement provides that the non-payment of royalties due is a material breach of the Agreement.

5

We review a District Court's grant of summary judgment de novo. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006). Summary judgment is proper if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On appeal, Symbol makes several arguments as to why the District Court's grant of summary judgment was improper. None is persuasive.

Symbol first argues that the Agreement unambiguously provides that Symbol has no obligation to pay royalties unless and until a court finds that a Symbol product infringes a Metrologic patent. The short answer is that the Agreement certainly does not say that. Section 6.2.1 of the Agreement states that "[f]or the license of the First Three Elected Metrologic Patent Families, and the rights and immunities granted under this Article[,] ... SYMBOL shall pay METROLOGIC [fixed annual royalties]." (A452) On its face, Section 6.2 does not require a finding of infringement as a prerequisite to Symbol's obligation to pay royalties. Indeed, Symbol's promise to pay royalties is not even conditioned on its practicing the patents in the First Three Elected Metrologic Patent Families.

Symbol nevertheless points to other provisions of the Agreement that, it argues, demonstrate that no royalties are due under Section 6.2 unless and until a court finds that a Symbol product infringes a Metrologic patent. Symbol points out that Section 4.1 of the Agreement grants Symbol a "license to make, have made, use and sell SYMBOL

6

Products covered by any claim in any patent included within each [elected family]." (A407) Symbol further notes that Section 1.44 of the Agreement defines a "Licensed SYMBOL Product" as "a product of SYMBOL covered by a claim in at least one METROLOGIC patent in a METROLOGIC Patent Family which SYMBOL has elected to license from METROLOGIC." (A91) According to Symbol, when Section 6.2 is read in the context of these other provisions, it is clear that no royalties are due, absent a finding of infringement.

A basic flaw in Symbol's argument is that its promise to pay royalties in Section 6.2 is not conditioned on its taking advantage of its license to the First Three Elected Metrologic Patent Families. And the amount of royalties due under Section 6.2 for its license to the First Three Elected Metrologic Patent Families does not depend on Symbol making, using, or selling a "Licensed SYMBOL Product." In contrast, the royalties due for licenses to any additional patent families expressly depend on the net sales of "Licensed SYMBOL Products." (A451, 453-56) We thus reject Symbol's argument and agree with the District Court that Metrologic does not have to establish that a Symbol product is covered by a patent in the First Three Elected Metrologic Patent Families to support its claim for royalties pursuant to Section 6.2 of the Agreement.[2]

----

[2] Symbol devotes a significant portion of its briefs to arguing that the District Court should have granted its motion for judgment on the pleadings because Metrologic's contract claim is barred under the doctrine of issue preclusion. The essence of Symbol's issue preclusion argument is that the District Court's decision in a prior litigation between the parties conclusively established that Metrologic cannot bring a breach of contract claim to recover any royalties due under the Agreement unless and until a court

Symbol next argues that summary judgment was improper because there were "a host of issues of fact improperly resolved by the district court in Metrologic's favor." (Appellant's Brief at 47.) Symbol's briefs, however, identify only one such issue of fact supposedly resolved by the District Court. According to Symbol, the District Court improperly resolved an issue of material fact in Metrologic's favor when it relied on an affidavit submitted with Metrologic's summary judgment motion to decide that there was a typographical error in the parties' November 1, 1999 amendment to the Agreement. But contrary to Symbol's argument, the District Court did not–explicitly or implicitly–rely on Metrologic's assertion that there was a typographical error in the amendment. Nor do we. While there may be an issue of fact in dispute, it is not an issue of material fact.

Third, Symbol argues that requiring it to pay royalties regardless of whether it infringes is inconsistent with "long-standing patent licensing law." (Appellant's Brief at

---

determines that a Symbol product infringes a Metrologic patent.

Symbol's argument is unpersuasive. The doctrine of issue preclusion requires, among other things, that the issue litigated in the prior case be identical to the one presented in the later case. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006). That requirement is not met here. The prior case involved a dispute over whether Symbol owed royalties for licenses to the fourth, fifth, and sixth Metrologic patent families. *Metrologic Instruments, Inc. v. Symbol Techs., Inc.*, No. 03-2912, slip op. at 11-12 (D.N.J. Oct. 18, 2004). The royalties due for licenses to those patent families are described in Sections 6.4 and 6.10 of the Agreement and are based on the net sales of Symbol products that are covered by patents in those families. Unlike the prior case, this case concerns whether Symbol owes royalties under Section 6.2 of the Agreement, which provides that Symbol shall pay fixed annual royalties for its license to the First Three Elected Metrologic Patent Families. Whether Metrologic can assert a claim for breach of contract based upon Section 6.2 of the Agreement absent a finding of infringement was not at issue in the prior case; therefore, the doctrine of issue preclusion does not apply.

53-56.) The cases cited in Symbol's brief, however, are inappposite and merely stand for the proposition that a federal court has jurisdiction under 28 U.S.C. § 1338(a) over a breach of contract claim when a determination of patent infringement is a necessary element of the claim. *See, e.g.*, *U.S. Valves, Inc. v. Dray*, 212 F.3d 1368, 1372 (Fed. Cir. 2000). There is no rule of law that requires a judicial finding of infringement as a prerequisite to licensing. It is difficult to take seriously Symbol's contention to the contrary, since it is at odds both with common sense and Symbol's own behavior in this case. Symbol paid royalties for years under the Agreement and, given the plain language of the Agreement, was correct to do so.

Symbol nevertheless argues that the District Court's grant of summary judgment is at odds with the Supreme Court's recent decision in *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007), because it deprives Symbol of the opportunity to challenge the infringement and validity of Metrologic's patents. We fail to see how the Supreme Court's decision in *MedImmune* relates to this case. In *MedImmune*, the Court held that the Declaratory Judgment Act, 28 U.S.C. § 2201(a), does not require a licensee to stop paying royalties under a patent license agreement in order to seek a declaration that the patent is invalid, unenforceable, or not infringed. *Id.* at 777. *MedImmune* does not, as Symbol appears to suggest, stand for the proposition that one can breach a contract with impunity merely because that contract involves a patent license.

9

We have carefully examined the remainder of Symbol's arguments and find them unpersuasive. In sum, Symbol has failed to identify a genuine issue of material fact and, based on the unambiguous language of Section 6.2, has breached the Agreement by failing to pay the agreed-upon royalties. Accordingly, we hold that the District Court properly granted summary judgment to Metrologic.

III.

For the foregoing reasons, we affirm the judgment of the District Court.